

**Aaron N. Solomon, Esq.**
Email: ASolomon@kdvlaw.com

Kaufman Dolowich & Voluck, LLP
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797

Telephone: 516.681.1100
Facsimile: 516.681.1101

www.kdvlaw.com

April 3, 2010

<u>**VIA ECF**</u>
Hon. Arlene R. Lindsay
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

  Re: <u>**Volpe v. Ryder, et al. Docket No.: 19-cv-02236-JMA-ARL**</u>

Dear Judge Lindsay:

  This office represents Defendants Patrick Ryder ("Ryder"), Russell Sacks ("Sacks"), Joseph Massaro ("Massaro"), and the County of Nassau ("County") (collectively referred to as the "Defendants") in the above-referenced matter. We write to respectfully request a pre-motion conference in anticipation of our motion for a protective order preventing the disclosure of certain confidential information to preserve the confidentiality of law enforcement techniques, procedures and personnel.

  As this Court is aware, Charles Volpe ("Volpe") is a County police officer who alleges that he has been unable to work since 2016 due to an injury. The Police Benevolent Association of the Police Department of Nassau County's (the "PBA") is the collective bargaining representative for the County's police force. In the instant action, brought under 42 U.S.C. § 1983, Plaintiffs allege, amongst other things, that Defendants that Defendants retaliated against Plaintiffs in response to speech allegedly protected by the First Amendment and that Volpe was subjected to an unlawful search and seizure.

  On January 3, 2020 Plaintiffs served their discovery requests. A copy of Plaintiffs' discovery requests is annexed hereto as **Exhibit A**. Defendants' time to respond to these requests has been extended, on consent, up to and including today April 3, 2020.

  Plaintiffs seek the production of confidential information and documents, such as ongoing Internal Affairs Unit ("IAU") investigation files, and request that Defendants disclose the identities of certain police officers within IAU that installed street surveillance cameras and reviewed video footage of Volpe outside of his home.[1] For the reasons set forth herein, Defendants respectfully request a protective order under the law enforcement privilege preventing the disclosure of this confidential information.

  Notably, the law enforcement privilege is meant to "prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation and

---

[1] *See* Exhibit A, Document Requests Nos. 2, 8, and 9; Interrogatory No. 4.

otherwise to prevent interference with an investigation." *MacNamara v. City of New York*, 249 F.R.D. 70 (S.D.N.Y. 2008). We have advised Plaintiffs' counsel that there is a pending ongoing IAU investigation involving Volpe. A protective order is necessary to prevent harm to the Defendants, as it may impair Defendants' ability to conduct this current investigation and future investigations. With regard to the ongoing IAU investigation involving Volpe, producing documents concerning the ongoing and open investigation will negatively impact the effectiveness of present (and future) IAU investigation(s), as it will reveal the Nassau County Police Department's (the "Department") investigative tactics, procedures and the identities employees utilized to carry out such investigations to the public and other County personnel who are not privy to such highly confidential information. Indeed, while Volpe may be a police officer, specific techniques used by IAU to investigate NCPD's officers are naturally not revealed to the larger community of law enforcement personnel employed by the NCPD. Such a revelation directly undermines the Department's policy of keeping IAU files confidential and compromises the accuracy and effectiveness of all ongoing and future internal and criminal investigations. *See*, *Id.* at 79 ("[T]he law enforcement privilege applies where the defendant demonstrates that the disclosure of information, such as law enforcement "techniques and protocols" would jeopardize future criminal investigations."); *see also, King v. Conde*, 121 F.R.D. 180, 192 (E.D.N.Y. 1988) ("Disclosure of police procedure guides to the general public could compromise the effectiveness of law enforcement by revealing police tactics to sinister elements. Protective orders limiting disclosure to the plaintiffs' attorney may be especially apt remedies for this problem.")

While the Parties have entered into a confidentiality agreement in connection with the exchange of documents, the production of the requested documents and information mentioned above to the selected individuals under the confidentiality agreement will not suffice to prevent harm to the County and the Department. The disclosure of material concerning the ongoing IAU investigation of Volpe will reveal the subject and details of the ongoing investigation *directly to* the individual being investigated, namely Volpe. *See, e.g. Id.* ("A more pointed menace to police effectiveness may arise if the civil rights plaintiff seeking internal police files is simultaneously (or reasonably likely to be in the future) the defendant in a criminal proceeding arising out of the incident in question."). This will also compromise the County's ongoing investigation of Volpe and its ability to effectively carry out future investigations, as Volpe and other individuals within the PBA will acquire knowledge of the subject and details of the investigation and the tactics used to conduct IAU investigations and specifically the ongoing investigation of Volpe.

Defendants also seek a protective order prohibiting the disclosure of Department employees who installed a surveillance camera outside of Volpe's home or reviewed the footage obtained from that camera.

The requested information is wholly irrelevant Plaintiffs claims and in no way warrants the invasion of the officers' privacy or revelation of police investigative tactics. In determining whether to prevent disclosure, courts should consider "whether the materials sought are relevant to the plaintiff's cause of action." *Id*. at 194. Here, the Defendants do not dispute that a street surveillance camera was set up outside of Volpe's house; nor do the Defendants dispute that video surveillance was captured and reviewed. Indeed, Defendants will produce the video to Plaintiffs for their review. Given the forgoing, it is not clear what Plaintiffs seek to accomplish by obtaining the identities of officers who merely installed the video camera.

An additional factor that Courts must also consider is the plaintiff's need for the information requested. *Id*. at 194. The disclosure of the information requested by Plaintiffs here has no bearing on Plaintiffs' claims and has no importance to the materials of Plaintiffs' case and, in fact, this information is disproportionate to the needs of this case. Notably, Plaintiffs to not ask Defendants to identify officers who reviewed the video footage for a specific purpose. It is presumable that multiple Department employees reviewed the video footage for different purposes. For example, it is possible that the Department employee who prepared the video footage for disclosure to the undersigned may have "reviewed" the footage. The mere fact that a Department employee's eyes glazed over the video footage does not mean that they possess relevant knowledge or information. Responding to this demand is also disproportionate to the needs of this case as it would require the Department to poll an unknown number of employees to determine if any of them "reviewed" the footage for any purpose. We are in the middle of an unprecedented pandemic and the Defendants' time and energy is best spent addressing the present health crisis and not polling Department employees to find out if they watched a video. As such, a protective order preventing the disclosure the of the identities of the employees who reviewed the surveillance footage captured outside of Volpe's house should be issued.

Finally, disclosure of the identities of the officers involved in the ongoing investigation, installation of the street cameras, and review of the video footage captured by those cameras may pose a threat to the officers' safety. *See MacNamara* at 80, (interests that may favor non-disclosure include the threat to police officers' safety and the invasion of the police officers' privacy).

Accordingly, Defendants respectfully request a protective order prohibiting the disclosure of documents concerning ongoing investigations involving Volpe and striking Plaintiffs' interrogatory seeking the identities of Department employees who installed the video camera outside Volpe's home or reviewed the footage it obtained.

Respectfully submitted,

Aaron N. Solomon, Esq.
Monique M. Robotham, Esq.

cc: All parties via ECF