UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
CHARLES VOLPE; POLICE BENEVOLENT ASSOCIATION
OF THE POLICE DEPARTMENT OF NASSAU COUNTY,

                                        Plaintiffs,

                                  1:19-cv-02236

              against-

PATRICK RYDER, COMMISSIONER OF THE NASSAU
COUNTY POLICE DEPARTMENT, in his official and individual
capacities; RUSSELL SACKS, SERGEANT IN THE NASSAU
COUNTY POLICE DEPARTMENT, in his individual capacity;
JOSEPH MASSARO, LIEUTENANT IN THE
NASSAU COUNTY POLICE DEPARTMENT, in his individual
capacity; COUNTY OF NASSAU,

                                      Defendants.
-------------------------------------------------------------------------------X

## PLAINTIFF'S FIRST CONSOLIDATED SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 26, 33 and 34, and the corresponding provisions of the Local Civil Rules for the Eastern District of New York (the "Local Rules"), Plaintiffs request that Defendants answer under oath within 30 days the following interrogatories and produce for copying and inspection at the office of Emery Celli Brinckerhoff & Abady LLP, 600 Fifth Avenue, 10th Floor, New York, New York 10020, within thirty days, all documents and materials described herein.

## DEFINITIONS

Plaintiffs hereby incorporate the Uniform Definitions in Discovery Requests contained in Local Rule 26.3, in addition to the following definitions:

1.     "Document" is defined as in Local Rule 26.3(c)(2) and includes, but is not limited to, all writings, correspondence, letters, contracts, agreements, notes, drafts, memoranda,

proposals, log books, transcripts, records, reports, analyses, summaries, surveys, appraisals, graphs, charts, electronically stored information ("ESI"), emails, photographs, instructions or procedural manuals, minutes, notices, evaluations, worksheets, spreadsheets, working papers, diary entries, appointment calendars, statements, date books, telephone logs, summaries and records of telephone conversations and/or meetings, court papers, transcripts, schedules, lists, indexes, or any other writing or recording of any kind, or any other tangible sources of information and data responsive to the request, whether such is written, printed, typed, photocopied, computer or electronically printed or stored, or recorded, or reproduced by any other mechanical or electronic process, or written or produced by hand, or otherwise available as tangible material from any source, and of any kind, form, or nature, whether sent or received or neither, including all underlying supporting or preparatory materials, versions or drafts and both originals, identical copies, and all non-identical copies of all writings of any nature whatsoever.

  2. "Communication" is defined as in Local Rule 26.3(c)(1) and includes, but is not limited to, any oral or written inquiries, discussions, conversations, negotiations, agreements, contracts, understandings, meetings, telephone conversations, letters, correspondence, notes, telegrams, telexes, telefacsimiles, electronic communications, or other forms of written or oral exchange by words, thoughts or ideas to another person(s) or to a file.  All requested communications shall include any tape recordings or any writings, electronically stored, printed, typed, handwritten or other readable documents, correspondence, memoranda, reports, contracts, diaries, analyses, log books, minutes, notes, studies, surveys and forecasts, or other documents exchanged.

  3. "Person" is defined as in Local Rule 26.3(c)(6) and includes, but is not limited to, any natural person, firm, association, partnership, joint venture, corporation, business trust,

banking institution, unincorporated association, government agency or any other entity, its officers, directors, partners, employees, agents and representatives.

4. "Volpe" refers to Plaintiff Police Officer Charles Volpe.

5. "Individual Defendants" refers to Defendants Patrick Ryder, Russel Sacks, and Joseph Massaro.

6. The "Department" refers to the Police Department for the Defendant County of Nassau.

7. The "County" refers to Defendant County of Nassau.

8. Nouns, whether singular or plural herein, shall be construed either as singular or plural as necessary to bring within the scope of these requests any documents or responses which might otherwise be construed to be outside their scope.

9. The past tense shall include the present tense and vice versa, as necessary, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

10. The remaining definitions and rules of construction of Local Rule 26.3 and the Federal Rules of Civil Procedure are hereby incorporated as though fully set forth herein.

11. Terms not defined herein, in the Federal Rules of Civil Procedure, or in Local Rule 26.3, shall have the meaning ascribed to them in the Complaint, provided that if no meanings are ascribed to such terms, they shall have their usual and ordinary meanings.

## INSTRUCTIONS

1. In answering the following document requests (collectively, the "requests"), you shall furnish all information that is available to you, including information in the possession, custody, or control of your attorneys, accountants, investigators, experts, representatives, or other agents.

2. If any document responsive to the requests has been lost, destroyed, or is otherwise unavailable, describe and identify each such document by stating in writing: (i) the name(s) of the authors(s), the name(s) of the person(s) who received the original and all copies and the date and subject matter, (ii) the last known custodian of the document, (iii) the incident, event, or occurrence during which such document was lost, destroyed, or otherwise became unavailable, (iv) each person having knowledge of the circumstances of it being lost, discarded or destroyed, and (v) your efforts to locate each such document.

3. If a claim of privilege is asserted with respect to any document, or you refuse to disclose any document requested herein on any other ground, state the basis for your claim that such document need not be disclosed with such specificity as will permit the Court to determine the legal sufficiency of your objection or position, and, for each such document, identify:

   a. whether the document contains a request for legal advice and, if so, identify the person who requested the legal advice;

   b. whether the document contains advice as to the meaning or application of particular laws or rules in response to such request;

   c. any further information to explain and support the claim of privilege and to permit the adjudication of the propriety of that claim;

      d.      the nature of the privilege (including work product) that is being claimed, and, if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked; and

      e.      the type of document, *e.g.*, letter or memorandum; the general subject matter of the document; and such other information as is sufficient to identify the document for a subpoena *duces tecum*, including, where appropriate, the author, addressee, and any other recipient of the document, and, where not apparent, the relationship of the author, addressee, and other recipient to each other.

4.      If, in answering these requests, you claim any ambiguity in interpreting either the request or a definition instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond; rather, you shall set forth in a part of your response to such a request the language deemed to be ambiguous and the interpretation chosen or used in responding to the request.

5.      You shall respond separately and completely to each request, or subdivision thereof, setting forth the question in full followed by each answer.

6.      With respect to the documents requested, these requests seek production of all documents described, in their entirety, along with any attachments, drafts and non-identical copies.

7.      Questions regarding the interpretation of these requests should be resolved in favor of the broadest possible construction.

8. The documents produced in response to these requests shall be: (i) organized and designated to correspond to the categories in the requests, or (ii) produced in a form that accurately reflects how they are maintained by you in the normal course of business, including, but not limited to the following:

    a. that all associated file labels, file headings and file folders be produced with the responsive documents from each file and that each file be identified as to its owner(s) or custodian(s);

    b. that all pages now stapled or fastened together be produced stapled or fastened together; and

    c. that all documents which cannot legibly be copied be produced in their original form.

9. These requests are to be considered as continuing and you are requested to provide, by way of supplementary responses hereto, such additional information as you or any persons acting on your behalf may hereafter obtain that will augment, clarify, or otherwise modify the responses now given to these requests. Such supplementary responses are to be filed and served upon the undersigned counsel as soon as practicable after receipt of such information or documents.

10. Unless otherwise indicated, these requests seek documents and information from October 4, 2016 to present.

## DOCUMENT REQUESTS

1. All documents, including communications, concerning Volpe.

2. All documents, including communications, concerning any internal investigation of Volpe by the Department.

3. All documents, including communications, concerning any referral by the Department to a criminal or administrative body suggesting that Volpe be investigated.

4. All communications between the Individual Defendants and Volpe.

5. All document concerning the authorization by the Department to install a security camera at or near Officer Volpe's home in order to facilitate surveillance of Officer Volpe.

6. All surveillance footage taken of Officer Volpe's home.

7. Documents sufficient to show the results of the Department's drug test of Volpe on December 11, 2018.

8. All documents, including communications, reflecting the "cause" justifying the Department's drug test of Volpe on December 11, 2018.

9. All documents concerning authorization by the Department to drug test Officer Volpe on December 11, 2018.

10. All documents concerning authorization by the Department to have members of the Department's Internal Affairs Bureau question Officer Volpe's wife on December 11, 2018.

11. Documents sufficient to show the results of any laboratory tests performed on any specimens taken from the Department's drug test of Volpe on December 11, 2018.

12. Any warrant or other document authorizing any DNA analysis performed on any materials taken from the Department's drug test of Volpe on December 11, 2018.

13. All documents, including communications, concerning the Department's Internal Affairs Unit's investigation into an incident between Volpe and his ex-wife's boyfriend on August 6, 2016.

14. Volpe's personnel file for the duration of his employment with the County.

15. All medical evaluations by the Department of Volpe's right hand.

16. All communications between the Department or the Individual Defendants and Dr. Joseph Gregorace.

17. All communications concerning Volpe between the Department or the Individual Defendants and Dr. Jeffrey Shapiro.

18. All communications between the Department and the Nassau County District Attorney's Office regarding Volpe and the severity of the injury he suffered on October 4, 2016.

19. All documents, including communications, concerning Volpe being designated as a "sick leave abuser."

20. Documents sufficient to show the number of sick days used by Volpe from October 4, 2016 to the present and the dates on which sick time was used. .

21. All transcripts of the criminal trial in the matter of *People v. Dolores Sharpe*, Docket No. 2013NA027341.

22. All documents concerning the Department's decision to indemnify Victor Gladitz in the matter of *Sharpe v. County of Nassau*, No. 15-Civ-6446 (E.D.N.Y.).

23. All documents regarding the Department's investigation of whether Volpe plays video games over the internet.

24. Any warrant or other document authorizing the Department to monitor Volpe's behavior over the internet.

25. All communications concerning Volpe between the Department or the Individual Defendants and Dr. Enrico Mango.

## INTEROGGATORIES

1. Identify each and every Department employee who witnessed Volpe's drug test on December 11, 2018.

2. Identify each and every Department employee who questioned Volpe's wife while Volpe was being drug tested on December 11, 2018.

3. Identify each and every Department employee who installed video surveillance cameras outside Volpe's home.

4. Identify each and every Department employee who reviewed video surveillance footage from surveillance cameras installed outside of Officer Volpe's home.

5. Identify each and every Department employee who monitored Officer Volpe's behavior over the internet.

Dated:  January 3, 2020
        New York, New York

                                        EMERY CELLI BRINCKERHOFF
                                        & ABADY LLP


                                        _____/s/_____
                                        Richard D. Emery
                                        David Berman

                                        600 Fifth Avenue, 10th Floor
                                        New York, NY 10020

                                        (212) 763-5000

                                        *Attorneys for Plaintiffs*

TO:
Aaron Solomon
Kaufman Dolowich Voluck LLP
35 Crossways Park Drive., Suite 201
Woodbury, New York 11797