# **EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CHARLES VOPLE; POLICE BENEVOLENT
ASSOCIATION OF THE POLICE DEPARTMENT OF
NASSAU COUNTY,

                Plaintiffs,

-against-

PATRICK RYDER, COMMISSIONER OF THE NASSAU COUNTY POLICE DEPARTMENT, in his official and individual capacities; RUSSELL SACKS, SERGEANT IN THE NASSAU COUNTY POLICE DEPARTMENT, in his individual capacity; JOSEPH MASSARO, LIEUTENANT IN THIS NASSAU COUNTY POLICE DEPARTMENT, in his individual capacity; COUNTY OF NASSAU,

                Defendants.
-------------------------------------------------------------------X

Case No.: 19-cv-02236
(JMA)(ARL)

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUEST FOR ADMISSION TO DEFENDANTS PATRICK RYDER, RUSSELL SACKS, JOSEPH MASSARO, AND THE COUNTY OF NASSAU**

Defendants (collectively "Defendants"), by their counsel, Kaufman Dolowich & Voluck, LLP, as and for their responses and objections to Plaintiffs CHARLES VOLPE and THE POLICE BENEVOLENT ASSOCIATION OF THE POLICE DEPARTMENT OF NASSAU COUNTY (the "PBA) (collectively referred to as "Plaintiffs") First Request for Admissions dated April 22, 2020, set forth the following:

## GENERAL OBJECTIONS

The objections listed below are applicable to and are incorporated into each and every response by Defendants to Plaintiff's requests, and each response is made without waiving any of the General Obligations. The assertion of any one of these General Objections in response to an individual request shall not be considered a waiver of the remaining General Objections.

1. Defendants object to each request to the extent it is overly broad, irrelevant and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

2. Defendants object to each request to the extent it seeks information and documents protected by the attorney-client privilege, work product privilege, material prepared for litigation privilege, or any other privilege or immunity from discovery.

3. Defendants object to each request to the extent it is duplicative, unreasonably cumulative, unduly burdensome, oppressive, or unduly expensive to answer.

4. Defendants object to each request to the extent the information sought is not in Defendants' possession or control and/or is already in the possession or control of the propounding party or is readily obtainable from a source other than Defendants in a more convenient, less burdensome and less expensive manner.

5. Defendants object to each request to the extent it is vague, ambiguous, or otherwise lacks sufficient precision or particularity to permit formulation of a responsive answer.

6. Defendants object to each request to the extent it seeks a legal conclusion.

7. Defendants object to each request to the extent it imposes upon Defendants obligations beyond those imposed by the rules applicable to this Court and/or beyond the scope of Fed. R. Civ. P. 26(b)(1).

Nothing stated herein shall be construed as an admission by Defendants concerning the admissibility or relevance of any fact or document or as an admission of the truth or accuracy of any characterization of any document of any kind in the requests.

These responses are based upon the information available at the present time. Defendants will continue to review their files and reserve the right to supplement, amend or correct these responses in the event that future discovery reveals fact that will justify such supplementation, amendment or correction.

By making information available in response to the requests, Defendants do not waive or intend to waive any objections they may have to the use of these responses and expressly reserve all questions concerning competency, privilege, relevancy, materiality and admissibility of all responses, documents and their contents; the right to object to the use of the responses and to produce documents in whole or in part, or to the subject matter covered thereby at a later stage of proceedings on any grounds set forth herein above; and the right to object on any and all proper legal grounds at any time to discovery procedures involved in or relating to the subject matter of the responses or documents made available to the parties.

### **RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR ADMISSION**

1. Officer Volpe retired from the Nassau County Police Department, effective March 2, 2020.

   **Response:**   Admit.

2. As of March 2, 2020, the Nassau County Police Department Internal Affairs Unit no longer has authority to investigate Officer Volpe as he is no longer a police officer.

   **Response:**   Defendants object to this request on the grounds that it is a compound request not limited to a singular, relevant fact.  Defendants object to this request on the grounds that it calls for a legal conclusion.  Subject to their objections, to the extent that Defendants can reasonably interpret this request, Defendants deny same.

3. From October 4, 2016 to January 16, 2020 the Nassau County Police Department did not offer for Officer Volpe to perform restricted assignment work with the accommodation of using a headset or iPad so he could avoid using his right hand while working.

   **Response**:   Defendants object to this request on the grounds that it is a compound request not limited to a singular, relevant fact. Moreover, as Volpe alleges in his