# EMERY CELLI BRINCKERHOFF & ABADY LLP

RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
KATHERINE ROSENFELD
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK  10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbalaw.com

DIANE L. HOUK

EMMA L. FREEMAN
DAVID BERMAN
HARVEY PRAGER
SCOUT KATOVICH
MARISSA BENAVIDES
NICK BOURLAND
ANDREW K. JONDAHL
ANANDA BURRA
MAX SELVER

June 5, 2020

*Via ECF*
Hon. Arlene Lindsay
United States Magistrate Judge
100 Federal Plaza, Central Islip, NY 11722

    *Re: Volpe, et al. v. Ryder, et al.,* 19-cv-02236 (JMA)(ARL)

Dear Judge Lindsay,

  We represent Plaintiffs in the above-referenced matter.  We write to follow up on Plaintiffs' response to Defendants' motion for a protective order (ECF No. 41-42) and Defendants' supplemental letter regarding a pending criminal investigation into Plaintiff Volpe.  ECF No. 43.

  By way of background, Plaintiff Volpe first became aware in September 2019 that he was under investigation by the Nassau County District Attorney's Office.  Plaintiff has a good faith basis to believe that this investigation was the direct result of a referral from high-ranking members of the Nassau County Police Department in retaliation for filing this lawsuit.  *See* Compl. ¶ 164 (alleging that, six months prior to first learning of the DA's investigation, Defendant Commissioner Ryder threatened to refer then Officer Volpe to the DA if he and Plaintiff PBA did not stop their advocacy on his behalf).  Plaintiffs' counsel in this matter also represented Plaintiff Volpe with respect to the DA's investigation.

  Plaintiffs' counsel met with the ADA running the investigation and the Bureau Chief of the DA's Public Corruption Unit on multiple occasions to discuss the investigation, including during then Officer Volpe's proffer to the DA in December 2019.  As part of this investigation, Plaintiff Volpe was questioned about numerous issues overlapping with this lawsuit, including the severity of the injury to his hand (Compl. ¶¶ 66-135), whether he plays video games over the internet using his injured hand (Compl. ¶¶ 145-48), surveillance footage the Department obtained after installing a camera outside of his home (Compl. ¶¶ 160), and his December 11, 2018 drug test (Compl. ¶¶ 19-55).  Plaintiff Volpe also provided releases to the DA for all doctors who have examined his hand, as well as his primary care doctor in Staten Island (Compl. ¶ 141).

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 2

On March 13, 2020, the Assistant District Attorney assigned to the investigation reached out to Plaintiffs' counsel to inform them that her investigation was complete and the DA was not initiating charges. Plaintiffs' counsel did not hear from the DA between this March 13th conversation and last week's motion practice, and had no reason to believe that status had changed.

Following Defendants' May 27, 2020, representation "that we have been advised, as recently as today, that there continues to be an ongoing criminal investigation of Volpe being conducted by the Nassau County District Attorney," ECF No. 43, Plaintiffs' counsel called the ADA. The ADA informed Plaintiff's counsel that her March statement remained accurate and that her investigation had not been reopened, but that she would need to speak with a supervisor before speaking on behalf of the entire DA's office.

On June 4th, 2020, that Assistant District Attorney emailed Plaintiffs' counsel stating:

> After consulting with my supervisors in response to your inquiry, the DA's Office does have a current pending criminal investigation involving Mr. Volpe that is separate and apart from the hand injury matter he came to proffer with us about. As we did discuss in March, I have also confirmed that latter investigation was in fact officially closed.

She further stated that she "cannot go into any details at this time" regarding this new, "separate and apart" investigation.

Plaintiffs' position with respect to this investigation's relevance to Defendants' motion for a protective order is unchanged. Defendants seek a sweeping protective order barring the disclosure of *all* IAU records. ECF No. 41. Such a broad order is not necessary to protect this new investigation and, as detailed in Plaintiffs' opposition letter, ECF No. 42, the order sought by Defendants would effectively prohibit Plaintiff from pursuing his entire Fourth Amendment Claim, and many aspects of his First and Fourteenth Amendment Claims.

Plaintiff is no longer a police officer subject to potential discipline from IAU. The prior criminal investigation that spanned seven months has been "officially closed." There is no reason that documents related to any IAU investigations that are unrelated to the current criminal investigation, which appears to be "separate and apart" from the matters at issue in this case, cannot be turned over in discovery, subject to the parties' agreed upon protective order. ECF No. 39. Virtually all of the conduct that Plaintiff attributes to IAU's harassment of him and retaliation against him as part of this case (arbitrarily drug testing him, unlawfully surveilling his conduct over the internet, surveilling his home to harass him) were matters covered extensively during the DA's prior investigation into his hand injury, which is now "officially closed."

Alternatively, if Defendants credibly assert that the current investigation by IAU and/or the DA is related to the issues in this case, Plaintiff requests that the Court establish a process for *in camera* review, with an opportunity for Plaintiffs to respond to Court concerns, if any, so that the Court can obtain information on the subject of the current investigation, determine whether

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 3

any of the documents relevant to this case actually relate to that pending investigation, and, to the extent they are related, whether the disclosure of those unredacted documents would prejudice that DA investigation.

      Defendants' further retaliation against Plaintiff Volpe during the course of this litigation by attempting to initiate additional criminal actions should not be tolerated as a strategy to circumvent appropriate discovery, let alone, further injure Plaintiff. We reserve all rights to seek amendment of our claims consistent with the evidence revealed in the process of exploring this newly minted harassment of Plaintiff Volpe.

                              Respectfully Submitted,

                              /s/

                              Richard D. Emery
                              David Berman

cc.     All counsel of record