# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

| | | |
|---|---|---|
| RICHARD D. EMERY<br>ANDREW G. CELLI, JR.<br>MATTHEW D. BRINCKERHOFF<br>JONATHAN S. ABADY<br>EARL S. WARD<br>ILANN M. MAAZEL<br>HAL R. LIEBERMAN<br>DANIEL J. KORNSTEIN<br>O. ANDREW F. WILSON<br>KATHERINE ROSENFELD<br>DEBRA L. GREENBERGER<br>ZOE SALZMAN<br>SAM SHAPIRO | ATTORNEYS AT LAW<br>600 FIFTH AVENUE AT ROCKEFELLER CENTER<br>10TH FLOOR<br>NEW YORK, NEW YORK 10020<br><br>TEL: (212) 763-5000<br>FAX: (212) 763-5001<br>www.ecbawm.com | DIANE L. HOUK<br><br>EMMA L. FREEMAN<br>DAVID BERMAN<br>HARVEY PRAGER<br>SCOUT KATOVICH<br>MARISSA BENAVIDES<br>NICK BOURLAND<br>ANDREW K. JONDAHL<br>ANANDA BURRA<br>MAX SELVER |

October 8, 2020

*Via ECF*

Hon. Joan M. Azrack
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re: *Volpe v. Ryder*, 19-cv-02236 (JMA)(ARL)

Dear Judge Azrack:

      On behalf of Plaintiffs in the above-referenced matter, we write in response to Defendants' objections to Magistrate Judge Lindsay's September 18, 2020 Order (the "Order"), which compels Defendants to produce four documents (the "Withheld Documents") to Plaintiffs. Judge Lindsay correctly concluded that the Withheld Documents are not protected by the law enforcement privilege because they are "replete with information known to and provided by plaintiff" Charlie Volpe. Defendants' objections should therefore be overruled.

      Defendants' letter motion wholly fails to meet their burden to establish that the Withheld Documents are protected by the law enforcement privilege, much less demonstrate that Judge Lindsay's Order is clearly erroneous or contrary to law, as required under Rule 72(a). Rather, Defendants' conclusory claim that the law enforcement privilege applies to documents that were authored by and contain information known to Plaintiff Volpe is directly contradicted by well-established case law. Defendants' privilege claim is particularly specious because, at the same time that they seek to shield the Withheld Documents from Plaintiffs, they have aggressively sought discovery from Plaintiffs about the same investigation addressed by the documents.

**Background**

      Plaintiffs allege that Defendants have retaliated against them for engaging in constitutionally protected speech. Plaintiff Charlie Volpe and his representatives in Plaintiff

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 2

Nassau County Police Benevolent Association ("PBA") rightfully complained when Defendants harassed Plaintiff Volpe, tried to tamper with his medical review, and disregarded his civil and contractual rights. Compl. ¶¶ 177-78, Dkt. # 1. In response, Defendants retaliated against Plaintiffs, including by threatening to refer Plaintiff Volpe to the Nassau County District Attorney's Office for a concocted claim of insurance fraud in connection with the 2016 burglary of his home. *Id.* ¶ 164. Following the filing of this lawsuit in April 2019, Defendants referred the specious insurance fraud matter to the DA's office, giving Plaintiffs a good faith basis to believe that Defendants referred the matter for investigation in retaliation for Plaintiffs' filing of this lawsuit. The DA's investigation of the matter is ongoing.[1]

On June 18, 2020, Judge Lindsay ordered Defendants to submit certain records maintained by the Nassau County Police Department ("NCPD") Internal Affairs Unit ("IAU") for *in camera* review. Dkt. # 46. On September 18, 2020, following her *in camera* review, Judge Lindsay ordered Defendants to produce to Plaintiffs the following Withheld Documents, which pertain to the IAU's investigation of the 2016 burglary of Plaintiff Volpe's home:

1. Case Summary Report dated 4/3/2016 (6 pages);
2. Supporting Deposition Dated 2/6/16
3. Email dated 2/15/2016 from C. Volpe along with forwarded message; and
4. Handwritten list (4 pages)

Order at 2.

Judge Lindsay concluded that these documents "do not fall within the parameters of the [law enforcement] privilege" because they "are replete with information known to or provided by plaintiff." *Id.* at 1-2. Defendants do not dispute Judge Lindsay's characterization of the Withheld Documents, and concede that "[a]side from the Case Summary Report, which was generated by the NCPD, the remaining portions of the Withheld Materials consist of documents authored by Volpe, and provided to the NCPD." Def. Mot. at 3, Dkt. # 58.

***Argument***

Defendants' objections to Judge Lindsay's Order face a doubly high bar. First, under Rule 72(a), a district court may overrule a magistrate judge's order on a non-dispositive motion only when the order "is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). This standard recognizes "magistrate judges' broad discretion to resolve non-dispositive issues" and requires the district court to "affirm the decision of the magistrate judge unless the district court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Pall Corp. v. Entegris, Inc.*, 655 F. Supp. 2d 169, 172 (E.D.N.Y. 2008) (citation and quotation marks omitted)

Second, Defendants must carry a weighty burden to establish that the Withheld Documents are protected by the law enforcement privilege. "[T]he party asserting the law enforcement privilege must show that the documents contain information that the law

---

[1] Plaintiffs' counsel also represents Plaintiff Volpe in the ongoing criminal investigation.

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 3

enforcement privilege is intended to protect." *In re City of New York*, 607 F.3d 923, 944 (2d Cir. 2010). The Second Circuit has identified four categories of information that are protected by the privilege: (1) "information pertaining to law enforcement techniques and procedures"; (2) "information that would undermine the confidentiality of sources"; (3) "information that would endanger witness and law enforcement personnel or the privacy of individuals involved in an investigation"; and (4) "information that would otherwise interfere with an investigation." *Id*. (citations, quotation marks, and alterations omitted).

Defendants' burden to establish the applicability of the privilege is "not discharged by mere conclusory or *ipse dixit* assertions." *Micillo v. Liddle & Robinson LP*, No. 15 Civ. 6141, 2016 WL 2997507, at *5 (S.D.N.Y. May 23, 2016) (quoting *In re Grand Jury Subpoena Dated Jan. 4, 1984*, 750 F.2d 223, 224-25 (2d Cir. 1984)). Rather, "[t]he police entity asserting the privilege must make a 'substantial threshold showing that harm is likely to occur as a result of disclosure of the requested documents.'" *Jackson v. Town of Southold*, No. 13 Civ. 394, 2014 WL 12602864, at *1 (E.D.N.Y. Jan. 7, 2014) (quoting *Dorsett v. County of Nassau*, 762 F. Supp. 2d 500, 519-20 (E.D.N.Y. 2011)).

Defendants' invocation of the law enforcement privilege consists of precisely the type of *ipse dixit* justifications that are insufficient to meet their burden. Defendants do not (and cannot) claim that the Withheld Documents contain information pertaining to law enforcement techniques or procedures, information that would undermine the confidentiality of sources, or information that would endanger witness or law enforcement personnel or implicate privacy concerns. Instead, Defendants rely solely on the fourth, catchall category identified by the Second Circuit in *City of New York*—that disclosure of the Withheld Documents would "interfere with an investigation." But even that conclusory assertion is unmoored from any showing that disclosure would cause actual harm to the DA's investigation of the 2016 burglary of Plaintiff Volpe's home. For example, Defendants assert that:

- "The disclosure of the Withheld Documents, such as the Case Summary Report, would reveal details about the substance and foundation of the ongoing criminal investigation to Volpe." Def. Mot. at 3.
- "All of the Withheld materials relate to a purported burglary of Volpe's home. . . . Disclosure of these items would clearly have an affect [sic] on the DA's investigation, as Volpe may not have a clear recollection of the content of these documents. Their disclosure would also reveal the content of their significance to the DA's investigation." *Id.*

These bases for invoking the law enforcement privilege "fail to establish any *specific* harm" to the DA's investigation from disclosure. *MacNamara v. City of New York*, 249 F.R.D. 70, (S.D.N.Y. 2008) (emphasis in original). They consist of the type of "speculative and conclusory" assertions—*e.g.*, that Plaintiff Volpe "may" not clearly remember the contents of documents he himself authored—that fall well short of Defendants' "fairly rigorous" burden to establish the application of the privilege. *Maher v. Monahan*, No. 98 Civ. 2319, 2000 WL 648166, at *4-5 (S.D.N.Y. May 18, 2000). Instead, Defendants simply rely on the fact that there is an ongoing investigation—but that is plainly insufficient. *Kitevski v. City of New York*, No. 04 Civ. 7402, 2006 WL 680527, at *3 (S.D.N.Y. March 16, 2016) ("The City and the IRD take the

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 4

position that if they claim an 'investigation' is ongoing, no information need be disclosed. The invocation of the privilege requires more.").

Further, Defendants are incorrect that "the fact that Volpe authored and submitted these records to the NCPD would not alter the analysis." Def. Mot. at 3. It is well established that materials furnished by or already known to the target of an investigation are not protected by the law enforcement privilege, as Defendants cannot credibly claim that disclosure of such documents would interfere with the investigation. *See, e.g.*, *Benn v. City of New York*, No. 18 Civ. 722, 2019 WL 4857339, at *3 (S.D.N.Y. Oct. 2, 2019) (requiring the New York County District Attorney's Office to produce witness statements "for witnesses whose identities are already known to plaintiffs"); *Micillo*, 2016 WL 2997507, at *5 (rejecting application of law enforcement privilege to names of witnesses already known to plaintiffs). Defendants do not dispute Judge Lindsay's determination, following *in camera* review, that all four of the Withheld Documents consist of material "replete with" information either provided by or already known to Plaintiff Volpe. Order at 1. Defendants effectively ask to keep the documents concealed in the hopes that they can use them to sandbag him later if his memory of their contents fades with time. That is not a legitimate basis to invoke the law enforcement privilege.

Notably, Defendants have not represented, and there is no reason to believe, that the DA's office—the currently investigating agency—supports Defendants' assertion of the law enforcement privilege. Moreover, there is no evidence that disclosure of these documents or, for that matter, any of the documents Magistrate Lindsay allowed the Defendants to withhold, would in any way compromise the investigation by the only law enforcement agency at issue in the assertion of the privilege (the DA's office).

Defendants' reliance on the law enforcement exemption to New York's Freedom of Information Law ("FOIL"), Public Officer Law § 87(2)(e)(i), to shield the Withheld Documents from disclosure is also misplaced. The FOIL statute does not create a privilege entitling a party to withhold documents in a federal action. *See Adams v. Buffalo Public Schools*, No. 13 Civ. 435A, 2014 WL 3882182, at *6 (W.D.N.Y. 2014) ("[Both defendants] presume that FOIL creates a statutory privilege (or series of privileges) against disclosure in a federal action. That is not the case."); *Grossman v. Schwarz*, 125 F.R.D. 376, 380 (S.D.N.Y. 1989) (collecting federal and New York state cases supporting the proposition that "New York's FOIL creates no statutory 'privilege' from discovery in a civil action").

Defendants' objections to the Order ring especially hollow because they have aggressively sought discovery from Plaintiffs about the very investigation over which they now claim privilege. Defendants' First Set of Requests for Admission to Plaintiffs ("RFAs") contains nine requests about the burglary and insurance claim. Ex. A, RFA Nos. 39-47. These requests seek specific information that is presumably contained within the Withheld Documents, including, for example, whether Plaintiff Volpe produced a list of items stolen from his home. Ex. A, RFA No. 40. Defendants objected when Plaintiffs initially stated that they would answer these Requests after the close of the DA's investigation, and Plaintiffs have since answered Requests Nos. 39-41, which consist of background facts about the burglary and insurance claim. Defendants cannot have it both ways. They cannot seek information from Plaintiff Volpe that is contained in materials *they already have*, while simultaneously refusing to disclose those

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 5

materials to Plaintiffs. The discovery rules do not permit litigation by ambush.

Finally, Defendants' misplaced conjecture that Plaintiff Volpe delayed a proffer session with the Nassau County DA until receiving the Withheld Documents is simply wrong. The adjournment of that session from September 22, 2020 was unrelated to any attempt by Plaintiffs to obtain the Withheld Documents in advance.

For the reasons stated above, the Court should deny Defendants' objections to Magistrate Judge Lindsay's well-reasoned Order.

                Respectfully Submitted,

                   /s

                Richard D. Emery
                Samuel Shapiro
                David Berman
                Max Selver

                *Counsel for Plaintiffs*