UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CHARLES VOLPE and POLICE
BENEVOLENT ASSOCIATION OF THE
POLICE DEPARTMENT OF NASSAU
COUNTY,

                          Plaintiffs,

         -against-

PATRICK RYDER, Commissioner of the Nassau
County Police Department, in his official and
individual capacities, RUSSELL SACKS,
Sergeant in the Nassau County Police Department,
in his individual capacity, JOSEPH MASSARO,
Lieutenant in the Nassau County Police Department,
in his individual capacity and COUNTY OF NASSAU,

                        Defendants.
-------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM AND ORDER**
19-CV-2236 (JMA) (ARL)

**AZRACK, United States District Judge:**

On April 16, 2019, Charles Volpe ("Volpe") and the Police Benevolent Association of the Police Department of Nassau County (the "PBA), (collectively, "Plaintiffs") commenced this action against Patrick Ryder, Russell Sacks, Joseph Massaro, and the County of Nassau (collectively, "Defendants"). (ECF No. 1.) Plaintiffs assert claims under 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments to the United States Constitution. Pending before the Court is Defendants' partial motion to dismiss all of Plaintiffs' claims, with the exception of Plaintiffs' Fourth Amendment search and seizure claim. (ECF No. 33.)

The Court referred the motion to Magistrate Judge Arlene R. Lindsay for a Report and Recommendation ("R&R"). On October 16, 2019, Judge Lindsay issued an R&R in which she recommended that the motion be granted in its entirety. (ECF No. 62.) In particular, she found that the PBA lacked standing to bring its First Amendment retaliation claim. She also

recommended dismissal of Volpe's First Amendment retaliation claim because he was not a private citizen speaking on a matter of public concern.  Next, Judge Lindsay found that the Fourteenth Amendment substantive due process claim was duplicative and should be dismissed.  Finally, Judge Lindsay recommended dismissal of the punitive damages claim because municipalities cannot be sued for punitive damages under Section 1983.

Plaintiffs have objected to Judge Lindsay's R&R, (ECF No. 66), and Defendants have filed an opposition to Plaintiffs' objections, (ECF No. 68).  After conducting a review of the full record (including the motion papers, R&R, objections, opposition, and reply) and applicable law, the Court adopts Judge Lindsay's R&R in its entirety as the opinion of the Court and **GRANTS** the partial motion to dismiss.

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 5–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006).  The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error.  See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

First, the Court finds no clear error in the portion of Judge Lindsay's R&R to which there are no specific objections.  In particular, Plaintiffs have not objected to Judge Lindsay's recommendation that the punitive damages claim against the County be dismissed because punitive damages cannot be recovered from a municipality under Section 1983.  Applying clear error review, the Court adopts Judge Lindsay's recommendation and dismisses this claim.

The Court has also undertaken a de novo review of the portions of the R&R to which Plaintiffs have objected.  First, Plaintiffs argue that Judge Lindsay incorrectly found that the PBA lacked standing to assert a Section 1983 claim for First Amendment retaliation.  The Court agrees with Judge Lindsay that the PBA failed to allege sufficient facts that its efforts on behalf of Volpe were sufficiently detrimental to its organizational mission or its work for members as a whole.  Accordingly, the Court adopts Judge Lindsay's recommendation that the PBA's First Amendment retaliation claim be dismissed.  However, as Judge Lindsay recommended, the PBA is given leave to amend should it be able to provide the Court with the necessary factual basis to support its claim.

Additionally, the Court agrees with Judge Lindsay's analysis of the First Amendment retaliation claim with respect to Volpe.  As Judge Lindsay found, Volpe's complaints "were certainly of a purely private nature," as he spoke to his supervisors to pursue personal redress on an individual employment matter.  (ECF No. 66 at 20.)  Therefore, this claim is dismissed.

Finally, the Court agrees with Judge Lindsay's finding that Volpe's Fourteenth Amendment substantive due process claim is duplicative of both his First and Fourth Amendment claims.  The factual basis for Volpe's Fourteenth Amendment claim is the same conduct he alleges are the bases for his First and Fourth Amendment claims.  The Court finds persuasive Defendants' argument in opposition that the framing of the Fourteenth Amendment claim as a "'backup' in the event that their First and Fourth Amendment claims fail" cannot survive a motion to dismiss.  (ECF No. 68 at 27.)  As Judge Lindsay found, a substantive due process analysis is inappropriate where a more specific constitutional standard is directly applicable.  (ECF No. 66 at 21.)  Accordingly, the Court dismisses this claim.

Based on the foregoing, the Court adopts Judge Lindsay's comprehensive and well-reasoned R&R in its entirety as the opinion of this Court. Defendants' partial motion to dismiss is therefore **GRANTED** in its entirety.

**SO ORDERED.**

Dated: November 30, 2020
Central Islip, New York

/s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE


Based on the foregoing, the Court adopts Judge Lindsay's comprehensive and well-reasoned R&R in its entirety as the opinion of this Court. Defendants' partial motion to dismiss is therefore **GRANTED** in its entirety.

**SO ORDERED.**

Dated: November 30, 2020
 Central Islip, New York

/s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE