UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CHARLES VOLPE,                                                  Docket No.: 19-cv-02236
                                                                           (JMA) (JMW)
                                     Plaintiff,

    -against-


PATRICK RYDER, COMMISSIONER OF THE NASSAU
COUNTY POLICE DEPARTMENT, in his official and
Individual capacities; RUSSELL SACKS, SERGEANT IN THE
NASSAU COUNTY POLICE DEPARTMENT, in his individual
capacity; JOSEPH MASSARO, LIEUTENANT IN THE
NASSAU COUNTY POLICE DEPARTMENT, in his
Individual capacity; and COUNTY OF NASSAU,

                                      Defendants.
------------------------------------------------------------------------X


**MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO
DISQUALIFY DEFENSE COUNSEL**


Carle Place, New York
November 8, 2021                                        Respectfully submitted,

                                                                    STEVEN F. GOLDSTEIN, LLP
                                                                    *Attorneys for Plaintiff*
                                                                    CHARLES VOLPE
                                                                    One Old Country Road, Suite 318
                                                                    Carle Place, New York 11514
                                                                    (516) 873-0011

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ....................................................................................................................... 2

    Lamb & Barnosky, LLP Should Be Disqualified
    From Representing The Defendants in This Matter ........................................................ 2

CONCLUSION .................................................................................................................... 3

# TABLE OF AUTHORITIES

**Case**                                                                     **Page**

*Anderson v. Nassau County Dept. of Corrections, et al.*
376 F.Supp.2d 294 (EDNY 2005) ..................................................................................3

*Bd. Of Educ. v. Nyquist*
950 F.2d 1241 (2d Cir. 1979)........................................................................................2

*Filippi v. Elmont Union Free School District Board of Education, et al.*
722 F.Supp.2d 295 (EDNY 2010) ................................................................................2

*Pergament v. Ladak*
2013 WL 3810188 (EDNY 2013)..................................................................................2

# INTRODUCTION

I am informed that Lamb & Barnosky, LLP, defense counsel in this matter, represents all defendants, other than CHARLES VOLPE ("VOLPE"), in an action captioned:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DOLORES SHARPE,

                Plaintiff,

-against-

COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, CHARLES VOLPE, in his individual and official capacities, VICTOR GLADITZ, in his individual and official capacities and Former Police Commissioner THOMAS DALE, in his individual and official capacities,

                Defendants.
-----------------------------------------------------------------X

Docket No.:
15-cv-06446
(GRB)(AYS)

The County of Nassau is indemnifying VOLPE in the *Sharpe* action. He is represented by Steven C. Stern of Sokoloff Stern LLP.

I am informed that, although there is no formal joint defense agreement between the handling attorney for Lamb & Barnoksy, LLP, Matthew Mehnert, they are conducting a joint defense in practice. Further, VOLPE's counsel has shared documents with Mr. Mehnert in the defense of that action. The Court is referred to the Declaration made by my client, CHARLES VOLPE, annexed to the Declaration of Gina M. Arnedos.

It is the position of your Affirmant and my client, that Mr. Mehnert and his law firm may now possess knowledge relevant to my client that can potentially be used to harm him in this

1

litigation, and that he and his law firm should be disqualified from representation of the defendants in this action.

## ARGUMENT

### Lamb & Barnosky, LLP Should Be Disqualified From Representing The Defendants in This Matter

NY Rules of Professional Conduct 1.7 addresses conflicts of interest with current clients. While Lamb & Barnosky may not have conflict of that nature per se, as prohibited by Rule 1.7 outlined above and in CHARLES VOLPE's Declaration, it is apparent that the firm de facto represents VOLPE in the SHARPE action and is adverse to him in the case at bar. As such, they should be disqualified.

While disqualification of counsel is viewed with disfavor because it impinges on a client's right to freely choose his counsel, it is a matter committed to the sound discretion of the District Court. Judge Joseph Bianco has held that a Federal Court's power to disqualify an attorney derives from its inherent power to preserve the integrity of the adversary process and is only appropriate where allowing the representation to continue would pose a significant risk of trial taint. *Filippi v. Elmont Union Free School District Board of Education, et al.*, 722 F.Supp.2d 295 (EDNY 2010).

Magistrate Go in *Pergament v. Ladak*, 2013 WL 3810188 (EDNY 2013), has held that the Federal Courts have the inherent power to disqualify attorneys in order to preserve the integrity of the adversary process, *quoting* the Second Circuit Court of Appeals in *Bd. Of Educ. v. Nyquist*, 950 F.2d 1241 (2d Cir. 1979).

Lastly, it has been held by Judge Spatt that the disqualification of an attorney for violation of disciplinary rules is warranted only where the attorney's conduct tends to taint the underlying trial, as where the attorney represents one client in a suit against another client or might benefit

client in a lawsuit by using confidential information about an adverse party obtained through prior representation of that party. *Anderson v. Nassau County Dept. of Corrections, et al.*, 376 F.Supp.2d 294 (EDNY 2005). While not directly on point, the situation encountered by the Court in the *Anderson* case is analogous to the situation in the case at bar wherein Lamb & Barnosky acted in many ways as VOLPE's de facto counsel in the SHARPE case and are now adverse to him in the case at bar.

## CONCLUSION

In light of these facts and the applicable case law, it is respectfully submitted that the instant motion should be granted in its entirety and Lamb & Barnosky, LLP be disqualified from representing the defendants in the case at bar.

Dated: Carle Place, New York
November 8, 2021

_____
GINA M. ARNEDOS (4821)