UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

CHARLES VOLPE,

      Plaintiff,

 -against-

                      **MEMORANDUM DECISION**
                          **AND ORDER**

PATRICK RYDER, COMMISSIONER OF THE    19 CV 2236 (JMA)(JMW)
NASSAU COLINTY POLICE DEPARTMENT, in
his official and individual capacities; RUSSELL
SACKS, SERGEANT IN THE NASSAU COUNTY
POLICE DEPARTMENT, in his individual capacity;
JOSEPH MASSARO, LIEUTENANT IN THE NASSAU
COUNTY POLICE DEPARTMENT, in his individual
capacity; and COUNTY OF NASSAU,

      Defendants.

-------------------------------------------------------------------X

Gina M. Arnedos, Esq.
STEVEN F. GOLDSTEIN, LLP
One Old Country Road, Suite 318
Carle Place, New York 11514
*Attorneys for Plaintiff*

Richard K. Zuckerman, Esq.
Matthew Mehnert, Esq.
LAMB & BARNOSKY, LLP
534 Broadhollow Road
Melville, New York 11747
*Attorneys for Defendants*

**WICKS,** Magistrate Judge:

    Defendants' counsel, Lamb & Barnosky, LLP, who appeared for the first time in this action on July 28, 2021 (DE 88), is also defense counsel in an unrelated case in this court, namely, *Sharpe v. County of Nassau*, 15 CV 6446 (GRB)(AYS). The *Sharpe* case is active and

pending. Plaintiff in this action is a defendant in *Sharpe* but is not represented by Lamb & Barnosky. Finding that the two actions have created strange bedfellows in that Defendants and Plaintiff here share a commonality of defense in *Sharpe*, Plaintiff now moves, pursuant to New York Rule of Professional Conduct ("RPC") 1.7(a)(1), to disqualify Lamb & Barnosky. For the reasons that follow, the motion is denied.

Plaintiff filed the complaint in this case on April 16, 2019. (DE 1.) Following motion practice, on March 2, 2021, Plaintiff filed an amended complaint withdrawing several causes of action. (DE 82.) On May 19, 2021, Defendants moved to substitute counsel in place of the law firm of Kaufman Dolowich & Voluck, LLP, which the Hon. Arlene R. Lindsay granted. (*See* Electronic Order dated May 20, 2021.) Richard K. Zuckerman and Matthew J. Mehnert then both entered appearances for Defendants on July 28, 2021. (DE 88.) One week later, counsel for Volpe submitted a letter to the Court advising of a potential conflict (DE 90), and the Court directed counsel to file a formal motion to disqualify if that was the relief sought. Thereafter, the Court approved the parties' briefing schedule (Electronic Order dated Nov. 10, 2021), and the instant motion was filed on December 30, 2021 (DE 93, DE 94, DE 95, DE 96).

In the interim, attorney Mehnert deposed Plaintiff and Plaintiff's wife on November 2 and 15, 2021, respectively in this action. (DE 95 at ¶ 9.) As to the *Sharpe* action, Lamb & Barnosky continues to represent all defendants but Volpe, who has independent counsel.[1] At no time did Lamb & Barnosky represent Volpe. At no time did the defendants in Volpe enter into a common defense agreement. (DE 93-6 at 1; DE 95 at ¶ 16.)

---

[1] Volpe is represented by the law firm of Sokoloff Stern in the *Sharpe* action. (DE 95 at ¶ 14.)

It is against this backdrop that Plaintiff's counsel claims that a disqualifying conflict of interest for Lamb & Barnosky exists under RPC 1.7.

## **DISCUSSION**

Stripping a client of his chosen counsel has "a serious and immediate adverse effect by denying the client his choice of counsel." *Soc'y for Good Will to Retarded Children, Inc. v. Carey*, 466 F. Supp. 722, 724 (E.D.N.Y. 1979). Indeed, courts – which have wide discretion in deciding disqualification motions – should be "loathe to separate a client from" chosen counsel. *In re Bohack Corp.*, 607 F.2d 258, 263 (2d Cir. 1979). This fundamental consideration, coupled with the potential abuse of such motions for "tactical purposes," is why motions for disqualification are subject to strict scrutiny. *See Lamborn v. Dittmer*, 873 F.2d 522, 531 (2d Cir. 1989). In practical terms, this means that motions to disqualify should only be granted where the court concludes that there is a "significant risk of trial taint." *Glueck v. Jonathan Logan, Inc.*, 653 F.2d 746, 748 (2d Cir. 1981); *see also Galloway v. Nassau Cnty.*, 19-CV-5026 (AMD) (JMW), 2021 WL 5013735 (E.D.N.Y. Oct. 27, 2021).

The burden of proof on a motion to disqualify – which is a high standard and a heavy one – is borne by the movant who must establish specific facts warranting the disqualification. *See Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791, 794 (2d Cir. 1983) (citations omitted). Here, there simply has been no showing of trial taint in Plaintiff's motion. If a lawyer *represents* two clients with different interests (RPC 1.7(a)(1)), then there is a "concurrent conflict of interest." Volpe has not established the existence of a "concurrent conflict of interest" under 1.7.

It is undisputed that Lamb & Barnosky is not and has never been Plaintiff's counsel in *Sharpe* (or any other case). That, of course, does not end the inquiry. As counsel for co-defendants in *Sharpe*, the potential to create a "de facto and/or implied attorney-client

3

relationship" with Volpe surely exists. However, nothing in the record on this motion supports that Lamb & Barnosky is in possession of Volpe's or his counsel's opinions and mental impressions. Nor do the facts support a finding that Lamb & Barnosky had access to any specific, confidential information disclosed by Volpe or his counsel or even that Volpe had a reasonable basis to believe that any information disclosed to Lamb & Barnosky would have been kept secret. *See, e.g.*, *Trinity Ambulance Serv., Inc. v. G & L Ambulance Servs., Inc.*, 578 F. Supp. 1280, 1285 (D. Conn. 1984) ("The expectation that information conveyed to a co-party's counsel will be held in confidence from that attorney's client is no more plausible than the expectation that an attorney concurrently representing parties in the execution of a joint venture or franchise agreement will keep information relayed to him by one party secret from the other."). Rather, in his declaration in support of the motion, Plaintiff vaguely asserts "[t]hat [he was] informed by [his] defense counsel in the [*Sharpe*] action that documents have been shared by him with the attorney for the County." (DE 93-5 at ¶ 7.) That alone is insufficient to warrant disqualification of defendants' chosen counsel.

Accordingly, the "warrantless speculation [of Lamb & Barnosky's conflict] is insufficient to meet the high standard required for disqualification under Rule 1.7(a)(1)." *Bartolini v. Mongelli*, 17 CV 6276 (PKC)(SJB) (E.D.N.Y. June 5, 2018) (citing *Persh v. Petersen*, No. 15-CV-1414, 2015 WL 5773566, at *5 (S.D.N.Y. Oct. 2, 2015) (noting that "vague and conclusory allegations are insufficient to meet the burden required to disqualify counsel")).

4

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to disqualify Lamb & Barnosky is DENIED.

Dated: Central Islip, New York
January 3, 2022

**S O   O R D E R E D:**

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge