# Steven F. Goldstein, LLP

**ATTORNEYS AT LAW**

One Old Country Road, Suite 318
Carle Place, New York 11514
Telephone (516) 873-0011
Facsimile (516) 873-0120

**GINA M. ARNEDOS***                                                    ***Admitted in NY &**
GARNEDOS@SFGLLP.COM                                  **Washington, D.C. (Inactive)**

March 25, 2022

United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722-4451

Attention: Magistrate Judge James M. Wicks

Re:   **<u>Volpe v. Ryder, et al</u>**
      19-cv-02236 (JMA)(JMW)

Magistrate Wicks:

As the Court is aware, this office represents the plaintiff, Charles Volpe, in this matter.

A Final Pre-Trial Conference in this matter has been scheduled by the Court for 4/8/2022 at 1:00 PM. At this juncture, the parties jointly request that the Court schedule a Discovery Conference on that date in lieu of the Final Pre-Trial Conference.

The deposition of the plaintiff and of Defendants, Massaro and Sacks, have been completed. The non-party depositions of Stephanie Volpe and James McDermott have also been completed. The non-party deposition of Dean Losquadro is presently scheduled for 03/29/22. The only remaining party deposition is Commissioner of Police, Patrick Ryder.

We have been unable to schedule Commissioner Ryder's deposition due to the fact that we have a discovery issue that we have been unable to resolve amongst ourselves. Plaintiff claims that Commissioner Ryder waged a campaign against the plaintiff, which culminated in the drug test administered to the Plaintiff. As such, we have demanded all of the Commissioner's emails and text messages from the date of the plaintiff's on-the-job injury up to and including the date of the drug test. Defense counsel has taken the position that only texts and emails specifically related to the drug test are relevant and discoverable.

As the Court is aware, both defense counsel and this law firm were substituted in as counsel late in the game. Both predecessor counsel agreed on the scope of e-discovery but that was prior to a decision of this court dismissed several claims, rendering much of that e-discovery irrelevant. The issue was not re-visited by predecessor counsel after the Complaint was amended and it appears

that Mr. Mehnert's predecessor did not turn over to Mr. Mehnert's firm or to the undersigned's predecessor the documents that were compiled at that earlier stage of litigation. As such, Mr. Mehnert has to have the County re-create the wheel so to speak, causing unforeseen delay just to get the documents about which the parties agree should be produced.

We thank the Court for its consideration.

Respectfully,

GINA M. ARNEDOS (4821)

GMA:bb

cc: **Via ECF**
Lamb & Barnosky
Matthew Mehnert, Esq.