UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

CHARLES VOLPE,

                Plaintiff,

    -against-

PATRICK RYDER, COMMISSIONER OF THE
NASSAU COLINTY POLICE DEPARTMENT, in
his official and individual capacities; RUSSELL
SACKS, SERGEANT IN THE NASSAU COUNTY
POLICE DEPARTMENT, in his individual capacity;
JOSEPH MASSARO, LIEUTENANT IN THE NASSAU
COUNTY POLICE DEPARTMENT, in his individual
capacity; and COUNTY OF NASSAU,

                Defendants.

------------------------------------------------------------------------X

**ORDER**

19 CV 2236 (JMA)(JMW)

**WICKS,** Magistrate Judge:

    To be clear, the adage, "*rules are made to be broken,*"[1] does not apply to discovery practice in the federal courts. Nor will the undersigned countenance disregard of discovery order violations.

    This is a three-year old case, and party depositions are yet to be completed. On March 21, 2022, the Court scheduled the Final Pretrial Conference ("FPTC") for April 8, 2022 (Electronic Order 03/21/2022). The parties thereafter submitted a joint request to convert the final pretrial

---

[1] This phrase was attributed to five-star Army General Douglas MacArthur. Of course, in April 1951, President Truman relieved General MacArthur of his command of U.S. forces in Korea, forcing him into retirement due to his insubordination. *See The Firing of MacArthur*, Harry S. Truman Library Museum National Archives, found at https://www.trumanlibrary.gov/education/presidential-inquiries/firing-macarthur.

conference to a "discovery conference" (DE 98), which the court granted on March 25, 2022. A status conference was held on April 8 (DE 99). At that time, the parties were directed to proceed with the deposition of Defendant Ryder to the extent possible following production of emails. Following that, on May 13, 2022, the parties again advised of the status and that email production was still not complete, nor was the deposition of Defendant Ryder taken (DE 100). The court held another conference on May 18, 2022, at which completion of fact discovery was again extended to and including June 30 to take Defendant Ryder's deposition (DE 101). The parties were also directed to file a status report by June 30 solely to advise the court whether experts were to be retained in the case (DE 101). June 30 was the fact discovery deadline.

Instead, on June 30, defense counsel provided a joint status report that not only advised that experts would not be retained, but again advised that Defendant Ryder's deposition had not been taken (DE 102). The reasons proffered, *au fond*, are opaque to the Court: "Due to circumstances beyond our control relating to recent non-case related law enforcement developments, a date for the Commissioner's deposition has proven difficult to schedule." (DE 102.) The undersigned, struggling to decipher the reason, has no inkling what that means. Nowhere in the letter is there a request to extend the discovery deadline. Instead, the joint status report closes, thanking the Court for its "continued attention to this matter" which counsel "greatly appreciate[s]" (*id.*).

The deadline for discovery has passed. And, as noted, neither party requested an extension before it had lapsed. Now what?

"[T]he language of Rule 16(b)(4) makes clear that the Court may modify a scheduling order only if there is a showing of 'good cause.'" *Furry Puppet Studio Inc. v. Fall Out Boy*, No. 19-CV-2345 (LJL), 2020 WL 4978080, at *1 (S.D.N.Y. Feb. 24, 2020) (quoting Fed. R. Civ. P.

2

16(b)(4)); *see also Gregorian v. New York Life Ins. Co.,* CV 2007-5210 (KAM) (MDG) (E.D.N.Y. Oct. 14, 2008). Here, the parties have failed to identify any reason, let alone "good cause", to warrant an extension of the current fact discovery deadline (even though they didn't even ask for one). The purported justification for not taking Defendant Ryder's deposition offers not a scintilla of insight into why the deadline could not have been met. Notwithstanding the parties' callous disregard of the deadline, and the fact that neither party has sought to move to extend that deadline, the Court nevertheless *sua sponte* and in the interests of justice will do so. Accordingly, the discovery deadline in this case[2] will be extended to and including **July 31, 2022.** This is a final extension, and "final" means "final." *See In re Harris*, 228 B.R. 740, 745 (Bankr. D. Ariz. 1998) ("[t]he plain meaning of the word 'final' means final").

---

[2] Since the parties advised that no experts will be retained, then discovery ends with fact discovery.

**CONCLUSION**

For the foregoing reasons, the fact discovery deadline is extended to and including **July 31, 2022.** This is final and no further extensions will be granted. The last date for the parties to take the first step in summary judgment practice is **August 15, 2022.** A FPTC is scheduled for **September 12, 2022 at 12 pm.** through Zoom. One week prior to the FPTC, the parties shall file the proposed Joint Pretrial Order consistent with the requirements of Rule VI.A of the Individual Rules of the Hon. Joan M. Azrack.

Dated:  Central Islip, New York
        July 1, 2022

                                **S O   O R D E R E D:**

                                /S/ *James M. Wicks*
                                  JAMES M. WICKS
                              United States Magistrate Judge