

534 BROADHOLLOW ROAD, SUITE 210
PO BOX 9034
MELVILLE, NY 11747-9034
(631) 694.2300 • FAX: (631) 694.2309

SERVICE BY FAX, EMAIL OR OTHER FORMS OF
ELECTRONIC COMMUNICATION NOT ACCEPTED

MATTHEW J. MEHNERT
PARTNER

DIRECT DIAL: (631) 414.5856
DIRECT FAX: (631) 454.3867
MJM@LAMBBARNOSKY.COM

August 12, 2022

**By ECF**

Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re:    **Volpe v. Ryder, et al.**
              **Docket No.: 19-cv-02236 (JMA)(JMW)**

Dear Judge Wicks,

    We are counsel to Defendants County of Nassau, the Nassau County Police Department, Patrick Ryder, Russell Sacks and Joseph Massaro (collectively, "the Defendants") in this action. Consistent with Your Honor's Individual Practice Rules and Your August 5, 2022 Order, this letter is submitted in response to Plaintiff's letter motion seeking, pursuant to Fed. R. Civ. P. 37, to strike the Defendants' Answer.

    Plaintiff's letter motion seeking to strike the Defendants' Answer is premature and overreaching. While there has admittedly been some delay in the production of a full response to Plaintiff's request for the production of text messages between Defendant and Nassau County Police Commissioner Patrick Ryder and any third party relating to Plaintiff or a December 2018 drug test, the Defendants produced a flash drive detailing their efforts to search the Commissioner's then cellular device and indicate that no relevant text messages were located. Plaintiff's mere belief that these text messages exist is not evidence of such and there is nothing before the Court establishing that the County's search for these messages was conducted in bad faith. *See Nasca v. Town of Brookhaven*, 2007 WL 4125434, at *2 (E.D.N.Y. Nov. 16, 2007).

    Courts should always seek to impose a discovery sanction that is the least harsh to remedy the discovery violation while also deterring similar future conduct. *See American Empire Surplus Lines Ins. Co. v. JJSL Development, Inc.*, 2017 WL 9485713, at *2 (E.D.N.Y. Feb. 13, 2017). Striking a pleading is a severe sanction that is reserved for extreme situations. *See id.* In fact, this Court has previously held that striking a pleading is the harshest sanction available pursuant to Fed. R. Civ. P. 37. *See Welch v. Alexis*, 2004 WL 1920810, at *2 (E.D.N.Y. May 26, 2004). Assuming, but not conceding, that a sanction is appropriate, the Court, in its sound discretion, should consider the strong public policy favoring a trial on the merits and only impose striking a

pleading and dismissal where there is evidence of willfulness, bad faith or fault, none of which exist here. *See id.*

There is no dispute that the Defendants' response to the request for the production of text messages was delayed. This delay was caused, in part, due to the Defendants' confusion regarding the location of the cellular device as well as confusion about whether the search had been previously conducted. It appears that the Defendants may have conducted a search similar to the one conducted in July 2022 for the same or similar records, though the report relating to that search was not in any files received by my Office when we were substituted as counsel. Once the device was located and search terms provided, the Department undertook the search at its earliest opportunity. Which the search was conducted by the Department's Electronics Squad, that Squad was tied up on other pressing investigations, including several homicide cases. This is not proof of this delay that was the result of bad faith or dilatory tactics. To the contrary, my Office routinely communicated with the Department to obtain status updates and continuously urged the need to complete this search.

Further, when the issue of providing text messages was first discussed during a Court conference earlier this year, the understanding was always if no responsive documents could be located, the Defendants would produce documentation detailing its efforts to locate these documents. While the reports produced on the subject flash drive are difficult to read, they do demonstrate the actions that were undertaken by the Electronics Squad to search the Commissioner's cellular device. Regardless, the end result is still the same; there were no responsive text messages discovered on the device.

To the extent that the Commissioner maintained a personal cellular device during some or all of the relevant time period that is immaterial because there is no evidence that he conducted Department business on that personal device. Defendants should not be sanctioned because they cannot produce documents that appear not to exist. Plaintiff's reliance upon testimony from his Union officials, who have a vested interest in the outcome of this case, that they communicated with the Commissioner by text message is unsupported by any documentation provided by those officials, despite demands for same. That testimony cannot, then, form the basis for an allegation of bad faith or willful misconduct.

As it relates to the Commissioner's deposition, Plaintiff on July 21, 2022 received a report indicating that there were no responsive text messages. Given that there were no responsive documents, there was no need to adjourn the Commissioner's deposition on July 25, 2022. At this point, that deposition remains the only outstanding discovery item. Plaintiff has not been prejudiced in taking that deposition by not having documents that do not exist. Plaintiff should not now, after having chosen not to proceed on the agreed-upon date, be permitted to take the Commissioner's deposition. Instead, discovery should be closed.

For these reasons, the Defendants respectfully request that the Court deny Plaintiff's motion to strike and instead, request that discovery be closed. To the extent that the Court determines that a deposition should take place, the Defendants request that their time to initiate summary judgment motion be extended consistent with any additional proceedings resulting from the additional discovery ordered by the Court.

The Court's continued attention to this matter is greatly appreciated.

Respectfully submitted,

*Matthew J. Mehnert*

Matthew J. Mehnert

cc: Gina Arnedos, Esq.