# Steven F. Goldstein, LLP

**ATTORNEYS AT LAW**

One Old Country Road, Suite 318
Carle Place, New York 11514
Telephone (516) 873-0011
Facsimile (516) 873-0120

**GINA M. ARNEDOS***                                                                                                                                                 *Admitted in NY &
GARNEDOS@SFGLLP.COM                                                                                                           Washington, D.C.

September 29, 2022

**Via ECF**

United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722-4451

Attention: Magistrate Judge James M. Wicks

Re:   **Volpe v. Ryder, et al**
        19-cv-02236 (JMA)(JMW)

Magistrate Wicks:

        As the Court is aware, this office represents the plaintiff, Charles Volpe, in this matter.

        As per Your Honor's Order, the depositions of Commissioner Ryder and two representatives from the Electronics Squad (to testify about the search done of the Commissioner's cell phone) have been concluded.

        Prior to the undersigned retainer by Mr. Volpe, an agreement was reached with prior defense counsel that the cell phones of Mr. Volpe, Officer James McDermott, Officer Dean Losquadro, Chief Berry and Commissioner Ryder would be surrendered for examination and extraction by a third-party vendor. The phones of Mr. Volpe, Officer James McDermott, Officer Dean Losquadro were surrendered and examined.

        After the two depositions of members of the Electronics Squad, I have not received a satisfactory reason for the fact that no text messages were recovered from the Commissioner's phone when McDermott's search revealed numerous text messages and voicemail messages between himself and the Commissioner. A copy of the report on the McDermott phone extraction is annexed as an exhibit for Your Honor's ease of reference. Defense counsel has previously submitted a copy of the Ryder report to Your Honor.

        At this juncture, I have asked defense counsel if he could voluntarily surrender the Commissioner's cell phone for examination by a third-party vendor and he was unable to do so

stating that the phone may contain sensitive communications with other law enforcement agencies, etc.

      I respectfully request that Your Honor issue an Order directing the Commissioner to surrender his phone for inspection as agreed to previously. Given that no satisfactory answer was given to the aforementioned question, it is necessary to the prosecution of this action. It is Plaintiff's position that Commissioner Ryder's and the NCPD's conduct in this matter may be disingenuous at best.

      We thank the Court for its consideration.

      Respectfully,

      GINA M. ARNEDOS (4821)

GMA:le

cc: **Via ECF**
    LAMB & BARNOSKY
    Matthew Mehnert, Esq.