UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CHARLES VOLPE,

          Plaintiffs,

          -against-

PATRICK RYDER, COMMISSIONER OF THE NASSAU
COUNTY POLICE DEPARTMENT, in his official and
individual capacities; RUSSELL SACKS, SERGEANT IN THE
NASSAU COUNTY POLICE DEPARTMENT, in his individual
capacity, JOSEPH MASSARO, LIEUTENANT IN THE
NASSAU COUNTY POLICE DEPARTMENT, in his
individual capacity; and COUNTY OF NASSAU,

          Defendants.
-------------------------------------------------------------------X

**DECISION & ORDER**
19-cv-02236 (JMA)(JMW)

**A P P E A R A N C E S:**

Gina M. Arnedos
Stephen F. Goldstein
**Stephen F. Goldstein, LLP**
One Old Country Road, Suite 318
Carle Place, NY 11514
*For Plaintiff Charles Volpe*

Matthew J. Mehnert
Richard K. Zuckerman
**Lamb & Barnosky, LLP**
534 Broadhollow Road
Melville, NY 11747
*For Defendants Patrick Ryder, et al.*

**WICKS,** Magistrate Judge:

      "You'd be surprised how difficult it is to relinquish a cell phone."[1]  And that's especially true in discovery in litigation today.  Defendant Police Commissioner Patrick Ryder's cell phone

---

[1] American actor Adrien Brody.

1

is the focus in this case. That phone has been the subject of discussion, conferences and motion practice in this unlawful search and seizure action over the past six months. Plaintiff alleges Commissioner Ryder waged a campaign against Plaintiff, a police officer on disability leave, which culminated in fellow police officers coming to his home, forcing him to come to the police station, and subjecting him to a urine-drug test as they watched. (DE 82.) The parties first raised the issue concerning the exchange of text messages from Commissioner Ryder's cell phone at a status conference held by the undersigned on April 8, 2021. (DE 99.) Since that time, Plaintiff has repeatedly requested, and Defendants have repeatedly promised, the production of Commissioner Ryder's relevant text messages.

On July 21, 2022, four days before Commissioner Ryder's scheduled deposition and just days before the close of fact discovery, Defendants produced a flash drive containing reports of the search efforts taken by Nassau County Police Department ("NCPD") on Commissioner Ryder's cell phone but not a single text message. (*See* DE 105.) Plaintiff then moved for sanctions seeking to strike Defendants' answer for failure to comply with a Court order and to satisfy discovery obligations. (*Id.*) On August 16, 2022, following an in-person hearing on the issue, the Court ordered (1) Defendants to produce to the Court a copy of the flash drive containing the search reports as it was produced to Plaintiff on or before August 19, 2022, for the Court's review; (2) the individual from the Nassau County Police Department's Electronics Squad who conducted the search on Defendant Commissioner Ryder's cell phone to appear for a deposition to be taken by Plaintiff on or before September 2, 2022; (3) Commissioner Ryder to appear for a full-day deposition to be taken by Plaintiff on or before September 15, 2022, with the deposition taking place in the course of one day; and (4) Commissioner Ryder to file a sworn

statement, either by Affidavit or Declaration, attesting to whether his personal cell phone has ever been used for work-related purposes or not, on or before August 22, 2022.[2]

Since then, Commission Ryder has filed an affidavit attesting that at all relevant times he had a cell phone issued to him in his capacity as a member of the NCPD but *did not* have a personal cell phone. (DE 109.) He then appeared for his scheduled deposition. (DE 113.) Plaintiff also deposed two representatives from the NCPD's Electronics Squad who testified as to the search conducted of Commissioner Ryder's cell phone. (*Id.*)

Purportedly unsatisfied with Defendants' reasons for the fact that no text messages were recovered from Commissioner Ryder's cell phone, Plaintiff now moves for the production of the cell phone itself to have it examined by a third-party vendor. (DE 113.) Defendants refuse to voluntarily turn over Commissioner Ryder's cell phone on the grounds that the phone contains the contents of Commissioner Ryder's communications with other law enforcement agencies about pending police matters and also contains confidential internal communications about pending investigations and personnel matters. (DE 114.) Instead, Defendants have offered to confer with Plaintiff's counsel for the purpose of establishing a broader list of search terms and conducting yet another search of the Commissioner's cell phone. (*Id.*) According to Defendants, Plaintiff has not responded to the offer. (*Id.*)

Electronically stored information ("ESI") on cellphones is subject to discovery pursuant to Federal Rule of Civil Procedure 34(a)(1)(A) and, like any other discovery, the relevancy and proportionality limitations set forth in Rule 26(b). *See* Fed. R. Civ. P. 34(a)(1). "Forensic

---

[2] The undersigned reserved decision on Plaintiff's motion to strike. (DE 108.) On September 19, 2022, this Court issued a Decision and Order denying Plaintiff's motion but finding lesser sanctions should be imposed in the form of costs and attorney's fees associated with bringing the motion. (DE 110.) Plaintiff's fee request in the amount of $1,530.00 has been consented to by Defendants and approved by this Court. (DE 112; Electronic Order, dated Sept. 29, 2022.)

examinations of computers and cell phones are generally considered a drastic discovery measure because of their intrusive nature." *Aminov v. Berkshire Hathaway Guard Ins. Companies*, No. 21-CV-479 (DG)(SJB), 2022 WL 818944, at *1 (E.D.N.Y. Mar. 3, 2022) (citation omitted). Indeed, the Advisory Committee notes to the 2006 amendment to Rule 34 specifically cautions that "Courts should guard against undue intrusiveness resulting from inspecting or testing such systems."

Rule 26(b)(2)(C) authorizes a court to curtail discovery where (i) "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive"; (ii) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or (iii) "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Moreover, "[t]he party seeking the discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Evans v. Calise*, No. 92 Civ. 8430, 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994); *see also Mandell v. The Maxon Co., Inc.*, No. 06 Civ. 460, 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007) ("[T]he party seeking discovery bears the burden of initially showing relevance.").

Here, simply because Plaintiff's counsel is unsatisfied with Defendants' reasons as to why no text messages were recovered from Commissioner Ryder's cell phone does not, without more, warrant an order compelling Commissioner Ryder to surrender his cell phone for further searching. Already in this case: (1) Defendants have conducted a search of Commissioner Ryder's cell phone and provided Plaintiff with reports detailing NCPD's search efforts; (2) Commissioner Ryder submitted an affidavit attesting to whether he had a personal cell phone and

4

if it was ever used for work-related purposes;[3] (3) Commissioner Ryder appeared for a deposition wherein Plaintiff's counsel was free to ask questions concerning his cell phone and text messages; and (4) the deposition of not one, but two, representatives from the NCPD's Electronics Squad who conducted the search of Commissioner Ryder's phone. The additional suggested approach, a forensic perscrutation of the cell phone, would seemingly be an exercise of merely bringing owls to Athens.

Without specifics, Plaintiff asserts that Defendants' failure to provide a "satisfactory answer" as to why no relevant text messages have been found in light of the foregoing must be a result of Commission Ryder and NCPD's disingenuous conduct. There is no proffer of evidence suggesting the sworn statement is untrue. Without more, the Court cannot come to the same conclusion.[4] To grant a motion to compel on these grounds would, in effect, be a Court-sanctioned fishing expedition. *See Aminov*, 2022 WL 818944, at *2 (denying motion to compel plaintiff's cell phone on a belief that cell phone video was altered because the motion was "based on misplaced and unsupported speculation"); *Norton v. Town of Islip*, No. 04-CV-3079 (PKC)(SIL), 2019 WL 4194271, at *5 (E.D.N.Y. Sept. 4, 2019) ("However, courts should not grant discovery requests based on pure speculation that amount to nothing more than a fishing expedition….")(quotes omitted).

---

[3] The purpose of this affidavit was to clear up any suspicion by Plaintiff that the Commissioner Ryder actually had two cell phones during the relevant time period and perhaps the reason why no responsive text messages were found during the initial search. (*See* DE 105; DE 108.)

[4] To the extent Plaintiff points out that the search of Defendant Officer James McDermott's cell phone revealed text messages and voice messages between Officer McDermott and Commissioner Ryder, the content of those text messages—including those authored by Commissioner Ryder—is included in the report. (DE 113-1.) Plaintiff has not explained why a search for these text messages must also be conducted on Commissioner Ryder's cell phone.

Moreover, considering Commissioner Ryder has attested that his cellphone was assigned to him in his capacity as a member of the NCPD (DE 109) and contains information about pending investigations and personnel matters (DE 114), the Court shares Defendants' concerns that an unlimited search of his cell phone could have the unfortunate consequence of uncovering sensitive and confidential communications about other police matters not relevant to this case. (*See* DE 109.) Toward that end, Plaintiff has not provided for how unresponsive, confidential, and/or privileged data would be removed or protected. Indeed, Plaintiff has broadly requested Commissioner Ryder's cell phone for inspection by a third-party without any limitation. This Quixotic quest has now come to an end.

Based on the foregoing, Plaintiff's motion to compel Commissioner Ryder to surrender his cell phone for further searching by a third-party vendor is hereby DENIED.

Dated: Central Islip, New York
 October 13, 2022

**S O   O R D E R E D:**

/s/ *James M. Wicks*
    JAMES M. WICKS
   United States Magistrate Judge

6