

534 BROADHOLLOW ROAD, SUITE 210
PO Box 9034
MELVILLE, NY 11747-9034
(631) 694.2300 • FAX: (631) 694.2309

SERVICE BY FAX, EMAIL OR OTHER FORMS OF
ELECTRONIC COMMUNICATION NOT ACCEPTED

SCOTT M. KARSON
PARTNER

DIRECT DIAL: (631) 414.5813
DIRECT FAX: (631) 454.3806
SMK@LAMBBARNOSKY.COM

October 27, 2022

**By ECF**
Hon. James M. Wicks
Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:   **Volpe v. Ryder, et al.**
              **Docket No.: 19-cv-02236 (JMA)(JMW)**

Dear Magistrate Judge Wicks:

    This firm is counsel to Defendants, the County of Nassau, the Nassau County Police Department, Patrick Ryder, Russell Sacks and Joseph Massaro (collectively, "the Defendants"), in the above-entitled action.

    This case was previously being handled by my former partner Matthew J. Mehnert, who left this firm on October 14. 2022. I have assumed principal responsibility for the defense of this action.

    I write in response to a letter application by Gina M. Arnedos, attorney for plaintiff Charles Volpe ("the Plaintiff"), dated October 25, 2022, seeking reconsideration of Your Honor's Decision and Order, dated October 13, 2022, which denied Plaintiff's motion to compel Defendant, Nassau County Police Commissioner Patrick Ryder, to surrender his mobile phone for further searching by a third-party. We respectfully submit that the application should be denied.

    In Your Honor's Decision and Order, you offered the following rationale for denying the motion (at pps. 4-5):

    Here, simply because Plaintiff's counsel is unsatisfied with Defendants'
    reasons as to why no text messages were recovered from Commissioner

Ryder's cell phone does not, without more, warrant an order compelling Commissioner Ryder to surrender his cell phone for further searching. Already in this case: (1) Defendants have conducted a search of Commissioner Ryder's cell phone and provided Plaintiff with reports detailing NCPD's search efforts; (2) Commissioner Ryder submitted an affidavit attesting to whether he had a personal cell phone and if it was ever used for work-related purposes (*footnote omitted*); (3) Commissioner Ryder appeared for a deposition wherein Plaintiff's counsel was free to ask questions concerning his cell phone and text messages; and (4) the deposition of not one, but two, representatives from the NCPD's Electronics Squad who conducted the search of Commissioner Ryder's phone. The additional suggested approach, a forensic perscrutation of the cell phone, would seemingly be an exercise of merely bringing owls to Athens.

\* \* \*

To grant a motion to compel on these grounds would, in effect, be a Court-sanctioned fishing expedition.

Nothing in Plaintiff's request for reconsideration requires a different result. While Plaintiff's counsel suggests that the search she contemplates could be limited appropriately by new agreed-to search terms, she does not address Your Honor's recognition of the obvious risks inherent in putting the Commissioner's cell phone – containing sensitive and confidential information about pending investigations and personnel matters – in the hands of a third-party for further forensic perscrutation (*see*, Decision and Order, at p. 6).

The October 13, 2022 Decision and Order is thorough and well-reasoned. There has been no showing that this Court overlooked or misapprehended any evidence or point of law in deciding Plaintiff's motion. Accordingly, the application for reconsideration should be denied.

Plaintiff's counsel makes a further request that should reconsideration be denied, Plaintiff should nevertheless be granted leave to retain an expert to examine and report on the examination of the Commissioner's cell phone by the Department, the deposition testimony of Detective Joseph Brady taken on September 22, 2022 and a report of retired Police Officer James McDermott's phone extraction.

With regard to this second request, Ms. Arnedos states in her letter application that "the parties had previously represented to the Court that we did not intend to retain expert witnesses." We do not perceive a justification for re-opening disclosure at this late date, particularly in light of the fact that there is now a pending application by Defendants before Judge Joan M. Azrack for leave to move for summary judgment in this action, as well as the undisputed fact that while the parties have for a long time been arguing over the purported contents of the Commissioner's phone, at no time did Plaintiff advise of the purported need for expert discovery regarding that phone. Accordingly, Defendants oppose that branch of

Plaintiff's motion which belatedly seeks permission to conduct additional expert witness disclosure.

We thank the Court for its courtesies and consideration.

Very truly yours,

Scott M. Karson

SMK:vs

cc:   Gina M. Arnedos, Esq. (*via ECF*)