UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

CHARLES VOLPE,

                          Plaintiff,

   -against-

PATRICK RYDER, COMMISSIONER OF THE            **ORDER**
NASSAU COLINTY POLICE DEPARTMENT, in
his official and individual capacities; RUSSELL           19 CV 2236 (JMA)(JMW)
SACKS, SERGEANT IN THE NASSAU COUNTY
POLICE DEPARTMENT, in his individual capacity;
JOSEPH MASSARO, LIEUTENANT IN THE NASSAU
COUNTY POLICE DEPARTMENT, in his individual
capacity; and COUNTY OF NASSAU,

                          Defendants.

------------------------------------------------------------------------X

**A P P E A R A N C E S:**

Gina M. Arnedos, Esq.
**STEVEN F. GOLDSTEIN, LLP**
One Old Country Road, Suite 318
Carle Place, New York 11514
*Attorneys for Plaintiff*

Scott Karson, Esq.
**LAMB & BARNOSKY, LLP**
534 Broadhollow Road
Melville, New York 11747
*Attorneys for Defendants*

**WICKS,** Magistrate Judge:

       On October 13, 2022, the Court denied Plaintiff's motion to compel Defendant Commissioner Ryder to surrender his cell phone for further searching by a third-party vendor.

(DE 117.)   Plaintiff seeks reconsideration of that Order (DE 121), which is opposed by Ryder.

(DE 122).  For the reasons that follow, the motion is denied in all respects.

1

### A. Motion to Reconsider

A motion for reconsideration may be filed pursuant to Federal Rule of Civil Procedure 59(e) or 60(b). "A motion for reconsideration [under Rule 59(e) or Local Rule 6.3] is appropriate when the moving party can demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Herschaft v. N.Y.C. Campaign Fin. Bd.*, 139 F. Supp. 2d 282, 283 (E.D.N.Y. 2001) (internal quotation marks and citation omitted). Reconsideration is also appropriate if there was an intervening change of controlling law, new evidence available, or to correct a clear error or prevent manifest injustice. *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013); *T.Z. v. City of New York*, 634 F. Supp. 2d 263, 268 (E.D.N.Y. 2009). Moreover, Rule 60(b) permits relief from an order or judgment for mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or in exceptional or extraordinary circumstances. Fed. R. Civ. P. 60(b). The question therefore, is whether any of these grounds have been met.

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Indeed, a motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple. *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). Put simply, a reconsideration motion is not a vehicle to be used to secure a "do-over". And finally, it is within the sound discretion of the district court whether or not to

grant a motion for reconsideration. *See Gupta v. Attorney Gen. of United States*, 52 F. Supp. 3d 677, 679-80 (S.D.N.Y. 2014).

Here, Plaintiff has simply not demonstrated "an intervening change of controlling law, the availability of new evidence not previously available, or the need to correct clear error or prevent manifest injustice." *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992); *see also* EDNY Local Civil Rule 6.3.  Rather, Plaintiff only argues that "I would just like to clarify that Plaintiff does not intend to conduct an unlimited search and would agree to new search terms as those previously utilized yielded no results."  (DE 121.)  No other argument is advanced.  At bottom, Plaintiff does not set forth any factual matters or controlling decisions which counsel believes that the Court has overlooked, thus falling far short of meeting the standard for his reconsideration motion to be granted.  Accordingly, the motion for reconsideration is denied.  *See Jefferson v. Suffolk Cnty. Sheriff Errol D. Toulon*, 21-CV-2417 (JMA)(JMW) (E.D.N.Y. Jan. 6, 2022) (quoting *Shrader v. CSX Trasnp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

But that's not all.  Plaintiff makes a further application in the event the motion for reconsideration was denied, which it has been.  That is, Plaintiff seeks to reopen discovery to permit retention of an "expert to review the report on the examination of the Commissioner's phone by the Department Electronics Squad and the deposition testimony of Detective Brady together with the report of retired Officer McDermott's phone extraction."  (DE 121.)

### B. Motion to Re-Open Discovery

This case has a long and protracted history of extensions of discovery schedules and deadlines (*see* DE 27, 29, 52, 54, 55, 56, 57, 72, 73, 79, 89, 92, Electronic Order dated 11/10/2021, 98, 101, 102, 103). Along the way, the parties advised the Court *no* experts would be retained. Discovery is now closed (DE 108), and indeed pre-motion summary judgment letters have been filed. (DE 115, 116.) A Final Pretrial Conference was scheduled for October 14, 2022 (DE 108) but was cancelled on October 12, 2022, in light of the anticipated motion for summary judgment. (*See* Electronic Order 10/12/2022.)

"A party seeking to reopen discovery bears the burden of establishing good cause and discovery should not be extended when there was ample opportunity to pursue the evidence during discovery." *Moroughan v. County of Suffolk*, 320 F. Supp. 3d 511, 514 (E.D.N.Y. 2018) (internal quotation marks and citations omitted). "[W]here there has been 'a fully adequate opportunity for discovery' [the trial court] may consider whether additional discovery would produce *dispositive* evidence." *Jacobs v. N.Y. City Dept. of Educ.*, No. 11-CV-5058 (MKB) (RML), 2015 WL 7568642, at *3 (E.D.N.Y. Nov. 24, 2015) (emphasis added) (quoting *Trebor Sportswear Co., Inc. v. The Limited Stores, Inc.*, 865 F.2d 506, 511-12 (2d Cir. 1989)). Courts apply a six-part test when faced with an eleventh-hour request like this one to re-open discovery: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *Moroughan*, 320 F. Supp. 3d at 515; *United States v. Prevezon Holding, Ltd.*, 236 F. Supp. 3d 871, 873 (S.D.N.Y. 2017); *Savor Health LLC v*

4

*Day*, 19 CV 9798 (RA)(JW) (S.D.N.Y. July 21, 2022) (Willis, MJ) (denying motion to reopen discovery).

Here, there has been more than ample opportunity for discovery and the retention of experts for trial. Plaintiff has not established the requisite good cause to reopen discovery at this late stage. Furthermore, there is no showing that the additional expert discovery Plaintiff requests would yield dispositive evidence to warrant re-opening discovery. Plaintiff seeks to now retain an expert when that opportunity was available to him long ago. In sum, nothing new has arisen that justifies re-opening discovery for the proffered expert. Weighing the relevant factors, the Court declines to re-open discovery.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's motion to reconsider this Court's October 13, 2022 Order is denied, as is the application to re-open discovery.

Dated: Central Islip, New York
October 31, 2022

S O   O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge